1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 | JAMES B. TURNER and JOANNE K. LIPSON, ) 
husband and wife,                       )   NO.
11 |                                          )
                   Plaintiffs,           )   DEFENDANT LOCKHEED SHIPBUILDING
12 |                                          )   COMPANY'S NOTICE OF REMOVAL OF
         v.                               )   ACTION UNDER 28 U.S.C. § 1442(A)(1)
13 |                                          )
FRASER'S BOILER SERVICE, INC.;           )   King County Superior Court
14 | ASBESTOS CORPORATION LIMITED;          )   Cause No. 13-2-17075-2 SEA
C.H. MURPHY/CLARK-ULLMAN, INC.;          )
15 | CROWN CORK & SEAL COMPANY, INC.;       )
E.E. ZIMMERMAN COMPANY;                  )
16 | FOSECO, INC.;                          )
GEORGIA-PACIFIC CORPORATION;             )
17 | HANSON PERMANENTE CEMENT, INC. f/k/a   )
KAISER CEMENT CORPORATION;               )
18 | HEDMAN RESOURCES LIMITED, a/k/a        )
HEDMAN MINES LTD.;                       )
19 | INSULCO, INC.;                         )
KAISER GYPSUM COMPANY, INC.;             )
20 | KELLY-MOORE PAINT COMPANY, INC.;       )
LOCKHEED SHIPBUILDING COMPANY;           )
21 | LONE STAR INDUSTRIES, INC., individually )
and as successor-in-interest to PIONEER SAND & )
22 | GRAVEL COMPANY;                        )
McCANN-SHIELDS PAINT CO.;                )
23 | METROPOLITAN LIFE INSURANCE            )
COMPANY;                                 )
24 | OGLEBAY NORTON COMPANY, individually   )
and on behalf of its FERRO ENGINEERING   )
25 | DIVISION;                              )
OWENS-ILLINOIS, INC.;                    )
26 | P-G INDUSTRIES, INC., as successor-in-interest )
to PRYOR GIGGEY CO., INC.;               )

{APR1102650.DOC;1/12060.000034/ }
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
NOTICE OF REMOVAL - 1

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215

1  PFIZER, INC.;                                          )
   SABERHAGEN HOLDINGS, INC.;                             )
2  SEEGOTT HOLDINGS, INC.;                                )
   THIEM CORPORATION, as successor by merger )
3  to UNIVERSAL REFRACTORIES COMPANY;     )
   UNION CARBIDE CORPORATION; and                         )
4  VIGOR SHIPYARDS, INC., a subsidiary of                 )
   VIGOR INDUSTRIAL, as successor-in-interest to )
5  TODD SHIPYARDS                                         )
                                                          )
6                         Defendants.                     )
                                                          )

7

8       TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

9  WESTERN DISTRICT OF WASHINGTON:

10      PLEASE TAKE NOTICE that defendant Lockheed Shipbuilding Company ("Lockheed

11 Shipbuilding"), by and through its undersigned counsel of record, removes the above-entitled

12 action from the Superior Court of the State of Washington, in and for the County of King, to this

13 Court, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.

14      This action is a civil action over which this Court has subject matter jurisdiction under

15 28 U.S.C. § 1331, as the action arises under the Constitution, laws, or treaties of the United

16 States within the meaning of 28 U.S.C. § 1331 by virtue of plaintiffs' attempt to adjudicate

17 claims with respect to persons acting under an officer of the United States pursuant to 28 U.S.C.

18 § 1442(a)(1).

19      The grounds for removal are as follows:

20      1.      On April 16, 2013, plaintiffs filed this action in the Superior Court of the State of

21 Washington in and for the County of King, entitled *Turner v. Fraser's Boiler Service, Inc., et al.*,

22 Case No. 13-2-17075-2 SEA.   (André Decl., Ex. 1).[1]   Plaintiffs claimed that Lockheed

23 Shipbuilding is liable for alleged asbestos-related injuries to plaintiff James B. Turner III, on

24 theories of product liability, negligence, conspiracy, spoliation, willful or wanton misconduct,

25 strict product liability, premises liability, breach of warranty, RCW 62A, enterprise liability,

26 _____
[1] The Declaration of Robert G. André is filed together with this Notice.

{APR1102650.DOC;1/12060.000034/ }
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
NOTICE OF REMOVAL - 2

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215

1    market-share liability and/or market-share alternate liability, and perhaps other grounds. (André

2    Decl., Ex. 1).

3         2.      Pursuant to 28 U.S.C. § 1446(b), the case as stated by the initial Complaint was

4    not removable because plaintiffs did not identify the particular circumstances of James B.

5    Turner's alleged exposure to asbestos from Lockheed Shipbuilding. Although plaintiffs alleged

6    that James B. Turner III's father worked as a pipefitter at Lockheed Shipbuilding's premises,

7    they did not identify any vessels or types of vessels upon which they allege that James B. Turner

8    III's father worked. Nor did they specify whether James B. Turner III's father was alleged to

9    have worked on military or civilian vessels. (*See* André Decl., Ex. 1).

10        3.      Lockheed Shipbuilding did not have notice that the case was removable until

11   September 5, 2013, when James B. Turner III's sister, Rozellen Beard, testified at her deposition

12   that their father worked on military ships at Lockheed Shipbuilding. (André Decl., Ex. 2).

13        4.      Lockheed Shipbuilding is therefore filing this Notice of Removal within thirty

14   (30) days after receipt of "an amended pleading, motion, order or other paper from which it may

15   first be ascertained that the case is one which is or has become removable," as required by

16   28 U.S.C. § 1446(b):

17            A civil action or criminal prosecution commenced in a State court against
              any of the following may be removed by them to the district court of the
18            United States for the district and division embracing the place wherein it
              is pending:
19
              (1) The United States or any agency thereof or any officer (or any person
20            acting under that officer) of the United States or of any agency thereof,
              sued in an official or individual capacity for any act under color of such
21            office or on account of any right, title or authority claimed under any Act
              of Congress for the apprehension or punishment of criminals or the
22            collection of the revenue.

23            The basis for the removal of this action is that it involves a person—Lockheed

24   Shipbuilding—that acted under the authority of officers of the United States or any agency

25   thereof, in this case, the United States Navy, within the meaning of 28 U.S.C. § 1442(a)(1).

26

{APR1102650.DOC;1/12060.000034/ }
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
NOTICE OF REMOVAL - 3

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215

1   *Mesa v. California*, 489 U.S. 121, 124-25; 109 S. Ct. 959 (1989); *Pack v. AC&S, Inc.*, 838 F.

2   Supp. 1099, 1101 (D. Md. 1993).

3        5.     In *Fung v. Abex Corp.*, 816 F. Supp. 569 (N.D. Cal. 1993), the court addressed the

4   propriety of the removal of a case involving the alleged exposure to asbestos while aboard

5   submarines manufactured by General Dynamics.  In denying plaintiffs' motion to remand, the

6   Court stated that, to satisfy removal under 28 U.S.C. § 1442(a), General Dynamics must show

7   that, in manufacturing submarines, it: "(1) acted under the direction of a federal officer,

8   (2) raised a federal defense to plaintiffs' claims, and (3) demonstrated a causal nexus between

9   plaintiffs' claims and the acts it performed under color of federal office." *Id.* at 571-72.

10       6.     In *Bouchard v. CBS Corp.*, 2012 WL 1344388 (E.D. Penn.), the United States

11  District Court denied the plaintiffs' motion to remand a case that was removed by Lockheed

12  Shipbuilding under similar circumstances.  The court ruled, initially, that Lockheed

13  Shipbuilding's removal notice was timely, where the complaint did not specify whether military

14  ships were at issue and where Lockheed Shipbuilding removed the action within thirty days after

15  a witness testified that he had seen the plaintiff's ex-husband work aboard military vessels at

16  Lockheed Shipbuilding.  *Id.* at *3-*8.  The court then ruled that federal officer jurisdiction was

17  proper because a claim against Lockheed Shipbuilding, based on exposure to asbestos alleged to

18  have resulted from work performed on U.S. Navy ships, satisfied the three elements for federal

19  officer removal.  *Id.* at *8-*11.

20       7.     In the present case, during the relevant time period, Lockheed Shipbuilding was

21  involved in the construction and maintenance of vessels for the U.S. Navy.  For the purposes of

22  this removal, Lockheed Shipbuilding acknowledges having constructed, converted or repaired

23  vessels for the U.S. Navy at its Seattle facility.  However, such construction, conversion or repair

24  was necessarily performed pursuant to government contracts and specifications executed by an

25  officer of the United States representing the U.S. Navy.

26

{APR1102650.DOC;1/12060.000034/ }
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
NOTICE OF REMOVAL - 4

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215

8.      Lockheed Shipbuilding's construction, conversion or repair of vessels for the U.S. Navy was performed pursuant to: (a) contracts that mandated adherence to comprehensive and detailed government-created specifications regarding, among other things, the use of asbestos-containing products, and (b) repair oversight by on-site representatives of the federal government.   Therefore, under the terms of its contracts with the United States, Lockheed Shipbuilding's construction, conversion or repair of vessels for the federal government was necessarily performed under the authority and control of an officer of the United States.   Thus, during all phases of Lockheed Shipbuilding's construction, conversion or repair of vessels for the federal government, pursuant to federal contracts and specifications, Lockheed Shipbuilding performed its work under the control and supervision of federal officers.   (*See* Horne Decl.).[2]

9.      Moreover, Lockheed Shipbuilding can and will assert a federal defense to this action.   Its work was performed pursuant to contracts with, and under the supervision of, the United States government, and any recovery by plaintiff is barred by the judicially recognized doctrine of immunity conferred upon that contractual relationship and any occurrences arising therefrom, otherwise known as the government contractor defense.   *Boyle v. United Technologies Corp.*, 487 U.S. 500, 509-11; 108 S. Ct. 2510 (1988); *Niemann v. McDowell Douglas Corp.*, 721 F. Supp. 1019, 1021-23 (S.D. Ill. 1989).

10.      Further, Lockheed Shipbuilding is entitled to the distinct federal defense of derivative sovereign immunity, which states that a private company like Lockheed Shipbuilding that contracts with the federal government to perform the duties of the government will not be held liable for its actions on behalf of the government. *See Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940); *see also City of Worcester v. HCA Management Co., Inc.*, 753 F. Supp. 31, 37 (D. Mass. 1990).

11.      Finally, because Lockheed Shipbuilding acted under color of a federal officer or agency in its construction, conversion or repair of any United States vessels on which James B.

---

[2] The Declaration of Ret. Admiral Roger B. Horne is filed together with this Notice.

{APR1102650.DOC;1/12060.000034/ }
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
NOTICE OF REMOVAL - 5

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215

1  Turner III's father worked and from which plaintiff James B. Turner III claims he was exposed

2  to asbestos-containing materials, removal of this civil action pursuant to 28 U.S.C. § 1442(a)(1)

3  is proper. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247 (9th Cir. 2006); *Williams v. Brooks*,

4  945 F.2d 1322, 1325 n.2 (5th Cir. 1991); *Ballenger v. AGCO Corp.*, 2007 U.S. Dist. LEXIS

5  47042 (June 22, 2007 N.D. Cal.).

6        12.    Should plaintiff file a motion to remand this case, Lockheed Shipbuilding

7  respectfully requests an opportunity to respond more fully in writing, including the submission of

8  affidavits and authorities.

9        13.    As Lockheed Shipbuilding was acting under an officer of the United States of

10  America pursuant to 28 U.S.C. § 1442(a)(1), Lockheed is not required to notify and obtain the

11  consent of any other defendant in this action in order to remove plaintiffs' action as a whole

12  under 28 U.S.C. § 1442(a)(1). *Ely Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d

13  1310, 1315 (9th Cir. 1981); *National Audubon Soc. v. Department of Water & Power*, 496 F.

14  Supp. 499, 509 (E.D. Cal. 1980).

15        14.    Written notice of the filing of this Notice of Removal will be given to plaintiffs

16  and to the other defendants in this action, together with a copy of the Notice of Removal to

17  plaintiffs and supporting papers with the Superior Court of Washington, County of King, as

18  required by 28 U.S.C. § 1446(d).

19        15.    This Court is the District Court of the United States for the district and division

20  embracing the place where the state court action was filed and is, therefore, the appropriate

21  venue for this removal. 28 U.S.C. § 1441(a).

22  ///

23  ///

24  ///

25  ///

26  ///

{APR1102650.DOC;1/12060.000034/ }
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
NOTICE OF REMOVAL - 6

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215

1   WHEREFORE, Lockheed Shipbuilding hereby removes this action to this Court.

2   DATED this 27th day of September, 2013.

3                                   OGDEN MURPHY WALLACE, P.L.L.C.

4

5   By    _____s/Robert G. André_____
          Robert G. André, WSBA #13072
6         Attorneys for Defendant
          Lockheed Shipbuilding Company

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

{APR1102650.DOC;1/12060.000034/ }
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
NOTICE OF REMOVAL - 7

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215