1

HONORABLE THOMAS S. ZILLY

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
9                               AT SEATTLE

10   JAMES B. TURNER and JOANNE K. LIPSON,          NO. 2:13-CV-01747
     husband and wife,
11                                                  DEFENDANT LOCKHEED SHIPBUILDING
                          Plaintiffs,               COMPANY'S MOTION FOR LEAVE TO
12                                                  FILE TWO MOTIONS IN LIMINE
            v.
13                                                  **NOTE ON MOTION CALENDAR:**
     FRASER'S BOILER SERVICE, INC., et al.,         **Friday, November 1, 2013**
14
                          Defendants.
15

16          Defendant, Lockheed Shipbuilding Company ("Lockheed Shipbuilding"), moves this Court

17   for leave to file a second motion *in limine*.  Lockheed Shipbuilding proposes to file: (1) a general

18   motion *in limine* addressing disparate issues; and (2) a second motion *in limine* addressing only the

19   exclusion and/or limitation of expert testimony.

20          The local rules require a party to file its motions in limine as a single motion, "[e]xcept upon

21   a showing of good cause."  LCR 7(d)(4).  Good cause exists here because asbestos litigation, by its

22   very nature, relies heavily on voluminous documentation and multiple expert opinions.  As

23   explained in Lockheed Shipbuilding's pending motion for summary judgment, Plaintiffs do not

24   have any direct evidence of what Plaintiff James Turner III's father actually did when he allegedly

25

26   performed work at Lockheed Shipbuilding's premises.  Plaintiffs' entire case against Lockheed

Shipbuilding will thus be built on expert opinions. As such, Lockheed Shipbuilding expects to raise many issues regarding the admissibility of Plaintiffs' expert testimony. Resolution of these issues in of trial advance will allow the trial to proceed more efficiently.

The need for lengthy motions *in limine* is typical of asbestos litigation. For example, the last asbestos case, of which Lockheed Shipbuilding is aware, to have been tried to verdict in the Western District of Washington is *Barabin v. Albany International Corp. et al.*, Cause No. 28:1332. In that case, Defendant Scapa Dryer Fabrics filed four motions *in limine* totaling 58 pages. *See* Cause No. 28:1332, Dkt. #174, 178, 181, 194. Defendant AstenJohnson Inc. filed four motions *in limine* totaling 76 pages. *See* Cause No. 28:1332, Dkt. #186, 188, 190, 192. Each defendant also filed multiple reply briefs, which are no longer allowed in support of motions *in limine*. LCR 7(d)(4). Even with this extensive briefing, questions regarding the admissibility of multiple expert opinions resulted in a reversal and rehearing *en banc* by the Ninth Circuit. *See Barabin v. AstenJohnson, Inc.*, 700 F.3d 428 (9th Cir. 2012), *rehearing en banc granted*, 710 F.3d 1074 (9th Cir. 2013). Lockheed Shipbuilding does not seek to file such voluminous motions *in limine*, but merely requests permission to file two motions limited to eighteen (18) pages each.

In the alternative, if the Court prefers a single motion, then Lockheed Shipbuilding submits that the same goals could be accomplished by granting leave to file an over-length motion *in limine*, limited to 36 pages, pursuant to LCR 7(f).

DATED this 1st day of November, 2013.

OGDEN MURPHY WALLACE, P.L.L.C.
By    /s/ Jeffrey D. Dunbar
      Jeffrey D. Dunbar, WSBA #26339
      Attorneys for Defendant
      Lockheed Shipbuilding Company

{APR1117419.DOCX;1/12060.000034/ }
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
MOTION FOR LEAVE TO FILE TWO MOTIONS IN LIMINE - 2
NO. 2:13-Civil-01747

OGDEN MURPHY WALLACE,
P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008