UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES B. TURNER, et al.,<br><br>           Plaintiffs,<br><br>   v.<br><br>LOCKHEED SHIPBUILDING COMPANY, et al.,<br><br>           Defendants. | C13-1747 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motion for summary judgment brought by defendant ON Marine Services Company, LLC, Ferro Engineering Division, a wholly owned subsidiary of Oglebay Norton Company, LLC ("ON Marine"), docket no. 84, is GRANTED in part and DENIED in part as follows:

    (a) With regard to plaintiffs' claims for conspiracy, spoliation, willful or wanton misconduct, breach of warranty, and market-share liability, ON Marine's unopposed motion for summary judgment is GRANTED, and such claims are DISMISSED with prejudice;

    (b) ON Marine's motion for summary judgment is otherwise DENIED. Genuine disputes of material fact exist and preclude summary judgment. Fed. R. Civ. P. 56(a).

(2) ON Marine's motions in limine, docket no. 114, are GRANTED in part, DENIED in part, and DEFERRED in part as follows:

    (1) <u>Compliance with Protective Order - GRANTED</u>

This motion is unopposed. Pursuant to the Minute Order entered on October 31, 2013, docket no. 81, any inconsistency between ON Marine's Rule 30(b)(6) deponent's testimony and the previous testimony of William Gabriel and/or James

MINUTE ORDER - 1

Bognar may not be used for any reason.  Moreover, to the extent ON Marine's Rule 30(b)(6) witness did not recall specific information during the course of the deposition, but such information is contained in prior deposition transcripts or other documents produced to plaintiffs by ON Marine, such lack of memory may not be imputed to ON Marine.

   (2) <u>Financial Status of ON Marine - GRANTED</u>

This motion is unopposed.  No witness or attorney shall mention any party's financial status.

   (3) <u>"Sending a Message" Arguments - GRANTED</u>

This motion is unopposed.  Counsel shall refrain from making arguments that appeal to passion or prejudice.  <u>See</u> RCW 4.76.030.

   (4) <u>Witness's Asbestos Injury or Lawsuit - GRANTED</u>

Plaintiffs shall not offer evidence or otherwise mention that a witness, other than plaintiff James B. Turner, has a pending lawsuit or previously litigated about asbestos-related injuries or that a witness, other than plaintiff James B. Turner, reached a settlement with or obtained a judgment against any entity in connection with asbestos-related injuries.  Plaintiffs shall not elicit from a witness, other than plaintiff James B. Turner, testimony concerning the cause of such witness's illness or injury, if any.

   (5) <u>Asbestos Awards or Standards - GRANTED in part and DEFERRED in part to trial</u>

No witness or attorney shall mention settlements, verdicts, or judgments in other cases involving asbestos-related injuries; no witness or attorney shall mention the costs incurred to litigate this case or the manner in which counsel will or might be compensated.  The Court will rule on any objections relating to specific arguments or testimony concerning the status of asbestos and the standards relating thereto when they are raised during trial.

   (6) <u>Characterizing ON Marine as "Asbestos Company" - GRANTED in part and DENIED in part</u>

ON Marine may be described as a manufacturer and/or distributor of asbestos-containing products or in similar fashion, but witnesses and counsel shall avoid phrases that attempt to impute to ON Marine actions or behavior of others in the "asbestos industry" or that otherwise appeal to passion or prejudice.

MINUTE ORDER - 2

  (7) <u>Disparaging Remarks - GRANTED</u>

This motion is unopposed. Counsel shall refrain from using derogatory terms and labels.

  (8) <u>Health Conditions of Family Members - GRANTED in part and DENIED in part</u>

No witness or attorney shall mention the health condition of plaintiffs' children, Jonathan and Taylor Turner-Lipson, who are not parties to this action, and who have made no claim for loss of consortium. The motion is denied as to plaintiff Joanne Lipson's health condition, which is relevant to her claim for loss of consortium.

  (9) <u>Newspaper or Magazine Articles - DEFERRED to trial</u>

Newspaper or magazine articles will not be admitted at trial unless they are relevant, more probative than prejudicial, and satisfy an exception to the rule prohibiting hearsay. The Court will rule on any objections to specific offers of newspaper or magazine articles when they are raised during trial.

  (10) <u>"Missing" Witness - GRANTED</u>

This motion is unopposed. No comment shall be made about the failure to call a witness without advance permission of the Court, which shall be sought outside the presence of the jury.

  (11) <u>Exclude Witnesses From Courtroom - GRANTED in part, DENIED in part, and DEFERRED in part</u>

All non-party witnesses are excluded from the courtroom except when they are testifying, except that (i) plaintiffs' children, Taylor and Jonathan Turner-Lipson, may attend all proceedings, and (ii) each defendant may designate one corporate representative who may attend all proceedings. Fed. R. Evid. 615. The Court defers ruling on whether and to what extent expert witnesses will be permitted to attend proceedings.

  (12) <u>Advance Notice of Witnesses - GRANTED as follows</u>

At the end of each trial day, counsel shall exchange a list of witnesses they anticipate calling on the next trial day.

      (13)    <u>Extra-Pleading Matters - GRANTED</u>

This motion is unopposed. No new claims, defenses, or legal theories shall be introduced at trial.

      (14)    <u>"Ban" on Asbestos - DEFERRED</u>

      (15)    <u>Cumulative Asbestos Exposure - STRICKEN as moot</u>

ON Marine's motion to exclude testimony that "every contribution to the lifetime cumulative asbestos dose is causative" is moot because plaintiffs agree that their expert, Carl Andrew Brodkin, M.D., will not present such testimony. The Court will instruct the jury on the appropriate standard of causation under Washington law. *See* <u>Lockwood v. AC&S, Inc.</u>, 109 Wn.2d 235, 744 P.2d 605 (1987).

      (16)    <u>Testimony of Carl A. Brodkin, M.D. - DEFERRED</u>

      (17)    <u>Testimony of Susan Raterman - DEFERRED</u>

      (18)    <u>Videos Using Tyndall Lighting - DEFERRED</u>

      (19)    <u>Scope of Expert Testimony - GRANTED as follows</u>

An expert's trial testimony shall be limited to the testimony provided during such expert's deposition and/or to such expert's report, if any, disclosed prior to November 7, 2013.

    (3)    Counsel shall be prepared to address the deferred motions in limine, namely Nos. 11, 14, and 16-18, at the Pretrial Conference scheduled for November 26, 2013, at 10:00 a.m.

    (4)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 22nd day of November, 2013.

                                            <u>William M. McCool</u>
                                            Clerk

                                            <u>s/Claudia Hawney</u>
                                            Deputy Clerk