UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOANNE K. LIPSON,<br><br>           Plaintiff,<br><br>           v.<br><br>ON MARINE SERVICES CO. LLC,<br><br>           Defendant. | CASE NO. C13-1747<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

## I.    INTRODUCTION

This matter comes before the court on Plaintiff's motion for reconsideration of the court's ruling (12/4/13 Order (Dkt. # 260)) excluding expert testimony based on an industry study by C. Washbourne titled "Silicosis and Abestos Hazards Associated with the Manufacture and Use of Profax" (the "Washbourne Report"). (*See* Mot. (Dkt. # 315).) Having considered the submissions of the parties, the balance of the record, and the relevant law, the court DENIES Plaintiff's motion for reconsideration.

ORDER- 1

## II. BACKGROUND

This is an asbestos case. Plaintiff alleges that her husband's exposure to asbestos while working at a steel mill was a substantial factor in his development of mesothelioma. (*See generally* 2d Am. Compl. (Dkt. # 302).) Defendant's products, called "hot tops," were used at the mill to insulate ingot molds into which molten steel was poured. (Mot. at 2.) One of the issues in this case is the extent to which, if any, quantities of asbestos in Defendant's hot tops survived the heating associated with steelmaking. Defendant maintains that the asbestos degraded and detoxified when exposed to the heat from the molten steel. (*Id.*) Plaintiff's expert Susan Raterman relies in part on the Washbourne Report to support her opinion that "significant quantities of asbestos" in Defendant's products survived the steelmaking process. (*See, e.g.*, Raterman Decl. (Dkt. # 166-1) ¶ 14.)

The Washbourne Report states:

> In laboratory experiments conducted at Foseco International Ltd. it was found that 1 lb. (454 gm.) of Profax ash contained a total of 0.142 gm. of respirable matter, of which 0.058 gr. was asbestos. . . . Assuming that the asbestos particles average 30 microns in length x 1 micron in diameter, this means that 1 lb. of Profax can give rise to 756 million particles of asbestos.

(Udo Decl. (Dkt. # 351-1) Ex. 2 at 21.) The court previously excluded expert testimony based on this report for two reasons: (1) the Washbourne Report does not provide any details about the referenced experiments, including whether the measurements were taken after the hot tops were heated and, if so, at what temperature and for how long, and (2) the products tested in the study contained crocidolite (blue asbestos), whereas Defendant's hot tops contained amosite (brown asbestos), and there was no "thorough

comparison showing substantial similarity" between the two products. (12/4/13 Order at 2.)

The first trial between the parties ended in a mistrial. (*See* Dkt. # 293.) A second trial will begin in a few weeks. (*See* Dkt. # 304.) Plaintiff now moves for reconsideration of the court's order excluding the report and expert testimony based on this report. (*See generally* Mot.) Plaintiff argues that new evidence eliminates the two foundational deficiencies identified by the court in its prior ruling. (*Id.*)

### III.  ANALYSIS

**A.  Standard**

**1.  Motions for Reconsideration**

Pursuant to the Local Rules of the Western District of Washington, motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) new facts or legal authority which could not have been brought to the attention of the court earlier with reasonable diligence. *See* Local Rules W.D. Wash. LCR 7(h)(1). A motion for reconsideration must be filed within fourteen days after the order to which it relates is filed. *Id.* at 7(h)(2).

Additionally, under Federal Rule of Civil Procedure 60(b), a court may relieve a party from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (construing a "motion for reconsideration" filed well past the deadline as a Rule 60(b) motion).

**2. Expert Testimony**

A "trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993); *see also Estate of Henry Barabin v. Astenjohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014). Reliability requires the court to assess "whether an expert's testimony has 'a reliable basis in the knowledge and experience of the relevant discipline.'" *Barabin*, 740 F.2d at 463 (quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (citation and alterations omitted)). The court is concerned not with the correctness of the expert's conclusions but the soundness of the methodology. *Id.*

**B. Application**

**1. New Evidence**

Inasmuch as Plaintiff's motion was filed well after the Local Rules' deadline for filing motions for reconsideration, it is untimely. (*Compare* Mot. (filed 4/24/14) *with* 12/4/13 Order.) Plaintiff's motion also fails on the merits.

Plaintiff's first argument is that evidence not previously available demonstrates that the ruling should be reconsidered. Plaintiff identifies five sources of evidence:

ORDER- 4

1. Deposition testimony by Foseco's corporate representative that the experiments involved ash left over from the steelmaking process.

2. Deposition testimony by Defendant's corporate representative and Defendant's salesman that the two products were similar.

3. Deposition testimony by Defendant's expert regarding the temperature of molten steel during the steelmaking process and the temperatures at which amosite and crocidolite degrade.

4. Two studies showing the respective temperatures at which amosite and crocidolite degrade.

5. The Supplemental Report and Supplemental Deposition of plaintiff's expert Dr. Longo explaining that the two products' compositions are substantially similar.

The first two sources are not new evidence: the court specifically considered this deposition testimony when ruling on the matter the first time, and nonetheless excluded the report. (*See* 12/4/13 Order at 2 n. 1, 2; Plf's Bench Br. (Dkt. # 257).)

Regarding the remaining sources, both Local Rule LCR 7 and Federal Rule of Civil Procedure 60(b)(2) require newly discovered evidence that, with reasonable diligence, could not have been brought to the attention of the court earlier. "Evidence is not 'newly discovered' under the Federal Rules if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987) (upholding the denial of a motion for reconsideration because an expert's revised testimony did not constitute newly discovered evidence). Moreover, evidence "is not new when the facts on which it is based had been in the moving party's possession since the start of the litigation." *Rischer v. Banlavoura I, Inc.*, 376 F. App'x 778, 778 (9th Cir. 2010).

Here, information regarding the temperature of molten steel during the steelmaking process was, if not actually in Plaintiff's possession since the start of the litigation, certainly something which Plaintiff could have discovered with reasonable diligence.  The same goes for the information regarding the respective temperatures at which crocidolite and amosite degrade.  There is no reason for Plaintiff to rely on recent deposition testimony by Defendant's expert for facts that could easily be otherwise verified.

Similarly, the two studies on which Plaintiff relies to argue that crocidolite degrades at a lower temperature than amosite were available to Plaintiff at the time of the first motion:  Plaintiff's own experts had relied on one of these studies, and Defendant's expert had relied on both. (Mot. at 6; *see* Udo Decl. Exs. 10, 11).)

Finally, Plaintiff gives no indication that Mr. Longo's supplemental opinion that Defendant's hot tops are substantially similar to the report's hot tops arises from evidence that could not have been previously discovered with reasonable diligence. *See Coastal Transfer Co.*, 833 F.2d at 212 (holding that revised expert testimony based on previously available facts was not newly discovered evidence under the Federal Rules).  Mr. Longo was already aware of the composition of Defendant's hot tops—in fact, Plaintiff relied on that knowledge when opposing this motion the first time. (*See* Plf's Bench Br. at 5.) Mr. Longo refers to a Foseco study to determine the composition of the report's hot tops. (*See* Longo Supp. Decl. (Dkt. # 305); Study (Dkt. # 317-3).)  Even if that study was not in Plaintiff's possession as of the time of the first motion, Plaintiff makes no effort to

ORDER- 6

explain why it could not have discovered this report with reasonable diligence at that time.

Absent new evidence, the event of a mistrial is not an opportunity for the parties to relitigate deficiencies in their cases identified during the first proceedings. Because Plaintiff has not raised any newly discovered evidence that could not have been brought to the court's attention earlier with reasonable diligence, she is not entitled to reconsideration of the court's order. *See Jasnosz v. J.D. Ott Co., Inc.*, C09-0952JLR, 2011 WL 3563345 at *3 (W.D. Wash. Aug. 12, 2011) (denying Rule 60(b) motion because the allegedly newly discovered evidence was available at the time of the trial).

**2. Remaining arguments**

Plaintiff has not shown that reconsideration of the court's previous order is warranted under the remaining prongs of either Local Rule LCR 7 or Rule 60(b). Regarding Local Rule LCR 7, although Plaintiff's arguments address some of the court's previous concerns regarding the Washbourne Report, they do not establish that this ruling was "manifest error." *See* Local Rules W.D. Wash. LCR 7(h)(1). In particular, the parameters of the "laboratory experiments" mentioned in the report remain largely undefined. (*See* Udo Decl. Ex. 2 at 21.) Absent such information, there is no indication that the results of those experiments can reliably be extrapolated to bear on the circumstances at issue in this case. *Cf. Daubert*, 509 U.S. at 589.

Lastly, Plaintiff is not entitled to relief under the catch-all provision of Rule 60(b)(6). This provision allows for relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Judgments are rarely set aside under Rule

60(b)(6). *See Jasnosz,* WL 3563345 at *4. This prong is "used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993). A party who moves for relief under this provision "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with prosecution or defense of the action in a proper fashion." *Cmty. Dental Servs. v. Tani,* 282 F.3d 1164, 1168 (9th Cir. 2002). Here, Plaintiff has not raised any extraordinary circumstances warranting relief under Rule 60(b)(6). (*See* Mot.)

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff's motion for reconsideration (Dkt. # 315).

Dated this 19th day of May, 2014.

_____
JAMES L. ROBART
United States District Judge

ORDER- 8